IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BETH L. WENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:18-CV-00109 |
| ) | |
| BIMBO BAKERIES USA, INC., ) | |
| BIMBO BAKERIES USA PENSION PLAN- BBU ) | |
| HOURLY PLAN, and ) | |
| PENSION PLAN SUPPLEMENT A ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES PLAINTIFF in the above-captioned action, by and through her undersigned counsel, and complaining of the Defendants named herein, does hereby allege and aver as follows:

## NATURE OF THE ACTION

1. Section 104(b)(4) of the Employee Retirement Income Security Act ("ERISA") provides that the plan administrator must, "upon written request of any participant or beneficiary, furnish a copy of . . . instruments under which the plan is established or operated." ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4). Further, ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(B), as supplemented by current Federal Regulations, provides that if the administrator fails to comply with such a request within 30 days, the court is authorized to award damages to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, or order other such relief as the court deems proper.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331and 29 U.S.C. §§ 1132(a) (1) (A) and 1132(a)(3).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because plaintiff resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plaintiff, Beth L. Wentz is a citizen and resident of Davidson County, North Carolina. At all times pertinent to this action, Plaintiff was an alternative payee pursuant to ERISA § 206(d)(3)(K), 29 U.S.C. § 1056(K) of Defendant Bimbo Bakeries USA Pension Plan and Pension Plan Supplement A. Accordingly, Plaintiff is and was a qualified beneficiary of the Plan within the meaning of ERISA § 206(d)(3)(J), 29 U.S.C. § 1056(J).

5. Upon information and belief, Defendant, Bimbo Bakeries USA, Inc. ("Bimbo Bakeries") is a Delaware corporation, duly licensed and authorized to transact business in the State of North Carolina and having places of business throughout North Carolina. Bimbo Bakeries established and maintains the Bimbo Bakeries USA Pension Plan-BBU Hourly Plan and the Pension Plan Supplement A ("Plan") and is the Plan sponsor within the meaning of ERISA § 3(16)(B), 29 U.S.C. §1002(16)(B). Plaintiff is informed and believe, and therefore alleges upon such information and belief, that Defendant Bimbo Bakeries at all relevant times was the administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

6. Defendant Bimbo Bakeries USA Pension Plan-BBU Hourly and Pension Plan Supplement A offers a deferral of income by its employees for periods extending to the termination

of covered employment or beyond and is an "employee pension benefit plan" pursuant to ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A).

## FACTS

7. Plaintiff and Mr. Sylbia E. Wentz were married on August 20, 1983. Plaintiff and Mr. Wentz separated from one another on December 11, 2013, and were subsequently divorced from one another, pursuant to a judgment of absolute divorce entered in the District Court Division of the General Court of Justice, Davidson County, State of North Carolina.

8. Thereafter, Plaintiff commenced an action for equitable distribution of the marital property of Plaintiff and Mr. Wentz in the District Court Division of the General Court of Justice, Davidson County, State of North Carolina ("the state court action") pursuant to Chapter 50 of the North Carolina General Statutes. Mr. Wentz was the named defendant in the state court action.

9. Chapter 50 of the North Carolina General Statutes is a "State domestic relations law" within the meaning of ERISA §206(d)(3)(B)(ii)(II), 29 U.S.C. § 1056(3)(B)(ii)(II).

10. On June 23, 2014 the District Court Division of the General Court of Justice, Davidson County, State of North Carolina ("the state court" or "the state trial court"), entered a judgment of equitable distribution of the marital property of Plaintiff and Mr. Wentz. The equitable distribution judgment provided, in part, that the state court would thereafter enter a qualified domestic relations order for the purpose of distributing to Plaintiff fifty per cent of Mr. Wentz's pension plan

11. On November 24, 2014, the state trial court entered an order encaptioned "Domestic Relations Order" in the state court action (the "domestic relations order" or "DRO"). The DRO

decreed that Plaintiff shall be the alternate payee of fifty percent of Mr. Wentz's account balances in the pension plan.

12. The DRO entered by the state court naming Plaintiff as an alternate payee of fifty percent of the pension plan benefits of Mr. Wentz were, as of the time of its entry by the state court, a qualified domestic relations order ("QDRO") within the meaning of ERISA §206(d)(3)(B)(i), 29 U.S.C. § 1056.

13. The QDRO assigned Plaintiff fifty percent of Mr. Wentz's vested cash balance account under the Plan as of December 11, 2013, plus any interest credits assigned to Plaintiff's portion thereafter.

14. Mr. Wentz waived his right to appeal the QDRO on February 11, 2015.

15. On or about August 17, 2015, Plaintiff received notification from Defendants of the retirement benefits calculation due to her as an alternative payee in accordance with the QDRO .

16. On or about February 5, 2016, Plaintiff received the Alternate Payee Election Package informing her that based on information currently in the records of the Plan and in accordance with the QRDO; Plaintiff would receive $50.75 per month commencing on March 1, 2016, for 10 years.

17. Plaintiff is informed and believes, and therefore alleges upon such information and belief, that at the time of her election of distribution from the Plan her share would be in excess of $36,000. In or about February, 2016, Plaintiff made numerous inquiries to the Plan regarding the benefit calculations, that the calculation of benefits which were owed to her was incorrect and did not equate to $36,000.

4

18. On February 2, 2017, Plaintiff, by and through counsel, submitted a demand letter requesting all documentation regarding the terms of the Plan, the summary plan description and the calculation of her benefits under the Plan.

FIRST CLAIM FOR RELIEF
(Violation of ERISA§ 104(b)(4))

19. Plaintiff hereby restates and incorporates by reference each of the allegations of the above-enumerated paragraphs of this complaint.

20. ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), required Defendant Bimbo Bakeries, as pension plan administrator, to honor within 30 days of a written request of any participant or beneficiary for a copy of any "instrument under which the [employee benefit plan and trust] is established or operated." Said defendant did not comply with Plaintiff's ERISA document requests.

21. By way of example, Plaintiff requested production of the Plan's summary plan description, all documentation regarding the terms of the Plan and the calculation of her benefits under the Plan; because those documents constitute an "instrument" under which the pension plan is "established or operated," within the meaning of ERISA § 104(b)(4).

22. Despite Plaintiff's written request, Defendants failed and refused and continue to fail and refuse to provide Plaintiff pension plan related information. Plaintiff did not timely receive documents and information responsive to the requests as set forth in her February 2, 2017 written demand letter.

23. ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), provides for penalties of up to $110 a day against a plan administrator personally for the administrator's "failure or refusal" to

5

provide any of the plan documents the administrator is required by law to provide to participants and beneficiaries.

24. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiff asks this Court to grant appropriate equitable relief including injunctive relief ordering Defendants to disclose the information and produce the documents each has in its respective possession that is responsive to Plaintiff's request for information as set forth in her February 2, 2017 demand letter.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that the Court enter judgment as follows:

I. That Defendant Bimbo Bakeries, as the Bimbo Bakeries USA Pension Plan Administrator, be adjudged liable to pay and be ordered to pay penalties of $110 per day to Plaintiff for failure to comply within 30 days after the February 2, 2017 demand letter for production of documents, including instruments and other documents under which Bimbo Bakeries pension plans are established or operated, under ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B);

II. Grant Plaintiff injunctive orders directing Defendants disclose the pension plan information and produce the documents requested in Plaintiff's February 2, 2017 demand letter pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3);

III. That Plaintiff be awarded her costs and reasonable attorneys' fees in prosecuting this action pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g) (1); and

IV. That Plaintiff be granted such other and further relief as the Court, in its wisdom, may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable arising on the facts and pleadings herein.

Respectfully submitted this the 16th day of February, 2018.

/s/ David B. Puryear, Jr.
David B. Puryear, Jr.
NC State Bar No. 11063
Attorney for Plaintiff
PURYEAR AND LINGLE, P.L.L.C.
Adams Farm Professional Center
5501-E Adams Farm Lane
Greensboro, NC 27407
Telephone: (336) 218-0227
Facsimile: (844) 459-6709
puryear@puryearandlingle.com
